*Rotunno v. Wood*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of October, two thousand twenty-two.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> WILLIAM J. NARDINI,
> STEVEN J. MENASHI,
> *Circuit Judges*.

_____

JOSEPH A. ROTUNNO, individually and on behalf of all others similarly situated,

> *Plaintiff-Appellant*,

ROBERT F. WOODLEY, individually and on behalf of all others similarly situated,

> *Plaintiff*,

v.                                                          22-502

DAVID M. WOOD, KERI CROWELL, QUENTIN R. HICKS,

> *Defendants-Appellees*,

GULFPORT ENERGY CORPORATION,

> *Defendant*.

_____

1

For Plaintiff-Appellant:          JEFFREY P. CAMPISI, Kaplan, Fox & Kilsheimer LLP, New York, New York.

For Defendants-Appellees:        ANTHONY J. LUCISANO (Brian C. Kerr, David D. Sterling, Amy Pharr Hefley, C. Frank Mace, *on the brief*), Baker Botts LLP, Houston, Texas.

Appeal from a judgment of the U.S. District Court for the Southern District of New York (Ramos, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Joseph A. Rotunno ("Rotunno") appeals from the January 11, 2022 opinion and order of the U.S. District Court for the Southern District of New York (Ramos, *J.*), dismissing Rotunno's second amended complaint (the "complaint") for failure to state a claim, and the district court's February 14, 2022 judgment. Rotunno is the lead plaintiff for this putative class action on behalf of investors who purchased or otherwise acquired securities in Gulfport Energy Corporation ("Gulfport") between May 3, 2019, and February 27, 2020 (the "Class Period"). The complaint alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5. The district court dismissed the complaint primarily on the basis that it failed adequately to allege scienter.[1] For the reasons set forth below, we agree with the district court that the complaint has not alleged facts that give rise to a strong inference of scienter and thus affirm the court's dismissal of the Section 10(b) and 20(a) claims.[2] We

---

[1] In its January 11 opinion and order, the district court granted Rotunno leave to further amend the complaint, but he declined to do so.

[2] The Section 20(a) claim was properly dismissed given the complaint's failure adequately to plead a primary violation of Section 10(b).

assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

"We review *de novo* the grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), 'accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor.'" *IWA Forest Indus. Pension Plan v. Textron Inc.*, 14 F.4th 141, 145 (2d Cir. 2021) (quoting *Miller v. Metro. Life Ins. Co.*, 979 F.3d 118, 121 (2d Cir. 2020)). The pleading standard is well established. A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim under Section 10(b) and Rule 10b-5, "a plaintiff must allege that the defendant (1) made misstatements or omissions of material fact, (2) with scienter, (3) in connection with the purchase or sale of securities, (4) upon which the plaintiff relied, and (5) that the plaintiff's reliance was the proximate cause of its injury." *Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*, 19 F.4th 145, 149–50 (2d Cir. 2021) (quoting *Setzer v. Omega Healthcare Invs., Inc.*, 968 F.3d 204, 212 (2d Cir. 2020)). A complaint alleging securities fraud must also satisfy the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure, which requires that the "circumstances constituting fraud" be "state[d] with particularity." Fed. R. Civ. P. 9(b). The Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u–4, further requires that a plaintiff "specify each misleading statement; set forth the facts on which a belief that a statement is misleading was formed; and state with particularity facts giving rise to a strong inference that

3

the defendant acted with the required state of mind." *In re Synchrony Fin. Sec. Litig.*, 988 F.3d 157, 167 (2d Cir. 2021) (cleaned up).

The required "scienter" for securities fraud is "a mental state embracing intent to deceive, manipulate, or defraud." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 319 (2007) (citation omitted). To allege a strong inference of scienter, as required by the PSLRA, it is insufficient to "set out 'facts from which, if true, a reasonable person *could* infer that the defendant acted with the required intent,' for that gauge 'does not capture the stricter demand Congress sought to convey in [the PSLRA].'" *S. Cherry St., LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 110–11 (2d Cir. 2009) (quoting *Tellabs*, 551 U.S. at 314). Rather, the PSLRA requires a plaintiff to plead facts leading to "an inference [that is] more than merely plausible or reasonable—it *must be cogent and at least as compelling as any opposing inference of nonfraudulent intent*." *Id.* at 111; *see also Tellabs*, 551 U.S. at 314, 326. A plaintiff can satisfy the scienter requirement "by alleging facts (1) showing that the defendants had both motive and opportunity to commit the fraud or (2) constituting strong circumstantial evidence of conscious misbehavior or recklessness." *Setzer*, 968 F.3d at 212 (internal quotation marks and citation omitted).

## I. Motive and Opportunity to Commit Fraud

"Sufficient motive allegations 'entail concrete benefits that could be realized by one or more of the false statements and wrongful nondisclosures alleged.'" *Kalnit v. Eichler*, 264 F.3d 131, 139 (2d Cir. 2001) (quoting *Novak v. Kasaks*, 216 F.3d 300, 307 (2d Cir. 2000)). Thus, we have said that "[m]otives that are generally possessed by most corporate directors and officers do not suffice; instead, plaintiffs must assert a concrete and personal benefit to the individual defendants resulting from the fraud." *Id.* (quoting *Novak,* 216 F.3d at 307–08). Insufficient, general motives include "(1) the desire for the corporation to appear profitable and (2) the desire

4

to keep stock prices high to increase officer compensation," as well as other alleged motives that "merely charge that executives aim to prolong the benefits of the positions they hold." *Id.* (quoting *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1130 (2d Cir. 1994)).

Here, the complaint's motive and opportunity allegations are insufficient to support scienter. The complaint asserts that activist shareholder pressure motivated the individual defendants to conceal Gulfport's material weakness in internal controls and make false or misleading representations in Gulfport's financial statements, in order to improve the company's stock performance. This motive allegation is insufficient because it alleges "goals that are possessed by virtually all corporate insiders, such as the desire to . . . sustain the appearance of corporate profitability . . . or the desire to maintain a high stock price." *S. Cherry St.*, 573 F.3d at 109. We have rejected similar alleged motives even when the complaint alleges that executives were personally motivated "to protect their executive positions and compensation." *Kalnit*, 264 F.3d at 139.

Further, the complaint concedes that Defendants owned only a small amount of Gulfport stock and does not allege that they sold it during the Class Period. Consequently, they did not possess the kind of personal financial motive that we have found sufficient, typically evidenced by insider trading for significant financial gain. *See id.* (recognizing that "we have held motive sufficiently pleaded where plaintiff alleged that defendants misrepresented corporate performance to inflate stock prices while they sold their own shares"); *cf. San Leandro Emergency Med. Grp. Profit Sharing Plan v. Philip Morris Cos., Inc.*, 75 F.3d 801, 814 (2d Cir. 1996) ("[W]e conclude that the sale of stock by one company executive does not give rise to a strong inference of the company's fraudulent intent; the fact that other defendants did not sell their shares during the relevant class period sufficiently undermines plaintiffs' claim regarding motive." (citation

omitted)).   Accordingly, the district court did not err in concluding that the complaint fails plausibly to allege motive and opportunity to commit fraud.

## II.    Circumstantial Evidence of Conscious Misbehavior or Recklessness

"Where motive is not apparent, it is still possible to plead scienter by identifying circumstances indicating conscious behavior by the defendant, though the strength of the circumstantial allegations must be correspondingly greater."   *Kalnit*, 264 F.3d at 142 (citation omitted).   Because the complaint's motive allegations are insufficient to support scienter, we apply this higher standard.   We have defined recklessness in the securities fraud context as "conscious recklessness—*i.e.*, a state of mind *approximating actual intent*, and *not merely a heightened form of negligence*."   *S. Cherry St.*, 573 F.3d at 109 (quoting *Novak*, 216 F.3d at 312).   Circumstantial evidence can support an inference of scienter "in a variety of ways, including where defendants (1) benefitted in a concrete and personal way from the purported fraud; (2) engaged in deliberately illegal behavior; (3) knew facts or had access to information suggesting that their public statements were not accurate; or (4) failed to check information they had a duty to monitor."   *Employees' Ret. Sys. of Gov't of the Virgin Islands v. Blanford*, 794 F.3d 297, 306 (2d Cir. 2015) (internal quotation marks and citation omitted).

Rotunno's allegations do not satisfy the recklessness standard, which in the securities fraud context requires "conduct that is highly unreasonable, representing an extreme departure from the standards of ordinary care."   *In re Advanced Battery Techs., Inc.*, 781 F.3d 638, 644 (2d Cir. 2015) (quoting *Rothman v. Gregor*, 220 F.3d 81, 98 (2d Cir. 2000)).   Considering "all of the facts alleged, taken collectively," no "reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged."   *Tellabs*, 551 U.S. at 323–24 (emphasis omitted).   It is a more compelling inference

6

that Gulfport and its executives negligently made an accounting error and subsequently corrected their disclosures to the Securities and Exchange Commission ("SEC") when they became aware of the error.

The complaint's references to an unrelated SEC investigation and the resignations of executives do not add to the plausibility of the scienter allegations. While an SEC investigation may provide relevant evidence, *see, e.g.*, *Set Cap. LLC v. Credit Suisse Grp. AG*, 996 F.3d 64, 80 (2d Cir. 2021) (holding that an SEC investigation supports "culpable inferences drawn from stronger allegations"), the investigation identified in the complaint concerns unrelated conduct that occurred prior to the Class Period. Regarding the resignations, the complaint alleges that Crowell's resignation was suspicious because it occurred in August 2019, shortly before she would have been required to sign the third quarter report containing financial results for the period ended September 2019 that understated the impairment of Gulfport's assets. The complaint describes other executives' resignations as a response to shareholder pressure to change the composition of the board. Rather than supporting an inference of fraudulent intent, however, it is more persuasive to conclude that these executives, including Crowell, resigned to respond to the wishes of the shareholders, or for any number of other reasons that executives change positions.

We consider collectively the allegations that Defendants were aware of contradictory underlying accounting data and changes in commodities prices, failed to maintain adequate internal controls, submitted false Sarbanes-Oxley certifications, and committed a significant accounting error that violated GAAP. But the most compelling inference from these allegations is negligence, and we cannot find scienter without additional, concrete allegations of fraudulent intent. *See In re Advanced Battery Techs.*, 781 F.3d at 646 (stating that "conditional allegations of the sort that [a defendant] would have learned the truth about a company's fraud" through due

7

diligence are "generally insufficient" to plead scienter (citations and internal quotation marks omitted)); *Novak*, 216 F.3d at 309 (explaining that "allegations of GAAP violations or accounting irregularities, standing alone, are insufficient to state a securities fraud claim" unless they are "coupled with evidence of corresponding fraudulent intent" (internal quotation marks and citation omitted)).  Because such allegations are lacking here, the district court did not err in dismissing the complaint.

<div align="center">*    *    *</div>

We have considered Rotunno's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

<div style="margin-left:50%">
FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk
</div>